**In re George Simon WEINER (S.S. # 163–34–7228), Debtor.**

**C.H. MASLAND AND SONS, Plaintiff,**

**v.**

**George Simon WEINER, Defendant.**

**Related Case No. 84–00862.**

**Adv. No. 85–0021.**

United States Bankruptcy Court, M.D. Louisiana.

Jan. 24, 1986.

James R. Austin, Baton Rouge, La., for plaintiff.

Pamela A. Moses, Baton Rouge, La., for defendant.

### REASONS FOR JUDGMENT

WESLEY W. STEEN, Bankruptcy Judge.

#### I. Jurisdiction of the Court

This is a proceeding arising under Title 11 U.S.C. The United States District Court for the Middle District of Louisiana has

original jurisdiction pursuant to 28 U.S.C. § 1334(b). By Local Rule 29, under the authority of 28 U.S.C. § 157(a), the United States District Court for the Middle District of Louisiana referred all such cases to the Bankruptcy Judge for the district and ordered the Bankruptcy Judge to exercise all authority permitted by 28 U.S.C. § 157.

This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(1); pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Judge for this district may hear and determine all core proceedings arising in a case under Title 11 referred under 28 U.S.C. § 157(a), and the Bankruptcy Judge may enter appropriate orders and judgments.

No party has objected to the exercise of jurisdiction by the Bankruptcy Judge. No party has filed a motion for discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) or pursuant to 11 U.S.C. § 305. No party filed a timely motion for mandatory abstention under 28 U.S.C. § 1334(c)(2). No party has filed a motion under 28 U.S.C. § 157(d) to withdraw all or part of the case or any proceeding thereunder, and the District Court has not done so on its own motion.

## II. Facts

The Complainant in this proceeding filed a motion for summary judgment. Affidavits were submitted on behalf of the Complainant, and an affidavit was submitted by the Debtor. The parties agree that the Debtor executed a note on behalf of his corporation in favor of the Complainant on December 2, 1983, in the amount of $10,124.24; both Complainant and Debtor also agree that the Debtor personally endorsed that note and that he forged his wife's name as an endorsement to the note. One of the Complainant's affidavits states that additional credit of $9,379.60 was advanced subsequent to the December 2 note, making the total indebtedness due at the time that the bankruptcy ensued to be $19,503.84; the Debtor's affidavit does not dispute this allegation.

The only real dispute in this case is whether, and to what extent, money, property, services, or an extension, renewal, or refinancing of credit was obtained by the Debtor by false pretenses, a false representation, or actual fraud. The Complainant maintains that it would have ceased providing additional credit and would have instituted legal action in December of 1983 but for the fact that the note was given with the endorsement of Mr. Weiner and the apparent endorsement of Mrs. Weiner. The Debtor maintains that there was no discussion of the necessity of the note in order to forestall litigation and in order to induce the Complainant to lend additional credit.

## III. Conclusion and Application of Law

To the extent that the Complainant and the Debtor have conflicting recollections of the purpose of the note, there would appear to be a factual issue in the case.

The Court grants a summary judgment, however, because even accepting the Debtor's version of the facts, the Court would find that the Debtor obtained an extension of credit through the use of false pretenses, a false representation, or actual fraud. Since either the Complainant's version of the facts or the Debtor's version of the facts would lead to the same conclusion, the issue of fact need not be decided, and summary judgment is appropriate.

Under the Debtor's version, the ordinary course of business between Complainant and the Debtor was for the Debtor to supply notes for the outstanding balance due the Complainant with those notes personally endorsed by the Debtor and his spouse. The Debtor maintains that the purpose of doing so was to allow the Complainant to obtain his own financing with the notes, presumably by pledging the notes or by discounting or factoring them. It is undisputed that the Debtor's spouse's name was forged by the Debtor on the December, 1983, note. Obviously, in the ordinary course of business the Complainant was extending credit based upon representations that were false at best, and reasonably characterized as fraudulent. Whether there was an actual discussion of extending the time for payment, or whether the payment period was extended in the ordinary course on account of the forged signature

is not important; the fact in either case is that credit was extended and additional credit transactions were entered into in part as a result of the forged signature. In either case, therefore, property was received and credit was extended on account of the false or fraudulent representation.

The Debtor's affidavit contains allegations in mitigation of the forgery. The Debtor maintains that he intended to repay the debt and that the forgery of his wife's signature was solely on account of the fact that he neglected to remove her name from the corporate records subsequent to their divorce. Neither of these items is a defense to an action under § 523(a)(2) to deny dischargeability of the debt. There is no issue of whether the Debtor intended to repay; the issue is whether the Debtor obtained property or an extension of credit through false pretenses, false representations, or actual fraud. The Court has already concluded that he did.

Summary judgment shall be rendered as prayed for in favor of the Complainant. Complainant's counsel will supply a judgment.